# DECEMBER 16, 1936

## WALTER ANDERSON v. THE STATE.

### No. 18647. Delivered December 16, 1936.

The opinion states the case.

*Tom B. Bartlett,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Receiving and concealing stolen property is the offense; penalty assessed at confinement in the penitentiary for one year.

The evidence makes it clear that the brother of the appellant stole some chickens and that appellant aided in the concealment of them. The proof introduced by the witnesses was adequate and the appellant confessed his guilt in a written confession.

Appellant presented a plea for a suspended sentence. The court submitted the issue to the jury but it was rejected by them.

The appellant's motion for new trial presents no matter of moment or which requires further discussion.

The record shows six bills of exception. In view of the record we perceive nothing in the bills which requires discussion or that which makes any denial of the guilt of the appellant or presents any circumstance which is regarded as a challenge to the procedure or ruling of the court. We therefore pretermit discussion of them in detail. We will state that the matter complained of in the main is the insufficiency of the evidence and the fact that the mitigating circumstances which appellant put before the jury demanded a new trial. The mitigating circumstance related to the fact that the appellant claims to have aided his brother in that he concealed the chickens which his brother had stolen; that appellant was moved to do so by the fact that a member of his brother's family was sick and that appellant desired to assist the family.

In Bill of Exception No. 5 appellant complains of a variance

in that appellant was charged with receiving stolen property from R. C. Anderson when as a matter of fact the proof showed that he received the property from both Sam and R. C. Anderson.

In view of the entire record, we think the court's action in overruling the motion for new trial was demanded by the facts before the court.

The judgment is affirmed.

*Affirmed.*